IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ANTHONY BROWN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0368-G |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Anthony Brown, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to burglary of a habitation without a plea agreement. Punishment, enhanced by two prior convictions, was assessed at 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Brown v. State*, 2002 WL 1763699 (Tex. App.--Dallas, Jul. 31, 2002, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Brown*, No. 58,043-03 (Tex. Crim. App. Oct. 6, 2004).[1] Petitioner then filed this action in federal court.

---

[1] Petitioner initially challenged his conviction on state collateral review while his direct appeal was pending. That writ was dismissed without reaching the merits. *Ex parte Brown*, No. 58,043-02 (Tex. Crim. App. Feb. 25, 2004).

II.

In four grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) his sentence was improperly enhanced by two prior convictions; (3) the evidence was insufficient to place him at the scene of the crime; and (4) the trial court lacked jurisdiction.

Respondent has filed a preliminary response suggesting that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in

---

[2] The statute provides that the limitations period shall run from the latest of--

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Case 3:05-cv-00368-G   Document 8   Filed 06/08/05   Page 3 of 4   PageID 47

"rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1494 (1999).

B.

Petitioner was sentenced to 30 years in prison for burglary of a habitation. The court of appeals affirmed his conviction on July 31, 2002. The Texas Court of Criminal Appeals refused a petition for discretionary review on March 5, 2003. Therefore, petitioner's conviction became final 90 days thereafter on June 3, 2003 when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on May 24, 2004. The application was denied on October 6, 2004. Petitioner filed this action in federal court on February 12, 2005.

The AEDPA statute of limitations started to run on June 3, 2003 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from May 24, 2004 to October 6, 2004, a total of 135 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner waited more than one year before seeking federal habeas relief. No explanation has been offered to justify this delay. Consequently, this case is time-barred and should be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE